James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
jschultz@sessions.legal
dkirkpatrick@sessions.legal
drichard@sessions.legal

Attorneys for ADF of California, LLC dba Personify Financial

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN,<br><br>    Plaintiff,<br>   vs.<br><br>APPLIED DATA FINANCE OF CALIFORNIA, LLC DBA PERSONIFY FINANCIAL; AND DOES 1-10 INCLUSIVE,<br><br>    Defendant. | Case No.: 2:19-cv-01126 PSG-AS<br><br>ANSWER TO COMPLAINT |

Defendant, ADF of California, LLC dba Personify Financial (hereinafter "ADF"), named as Applied Data Finance of California, LLC, for itself alone, responds to the Complaint filed by Plaintiff Jason Alan ("Complaint"), as follows:

## I. INTRODUCTION

1. In response to ¶ 1 of the Complaint, ADF admits Plaintiff purports to bring this action for alleged violations of the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a), the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and California Civil Code § 1670, *et seq.*, but ADF denies the allegations contained in ¶ 1.

2. In response to ¶ 2 of the Complaint, ADF admits Plaintiff purports to bring this action for alleged violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and for constructive fraud, but ADF denies the allegations contained in ¶ 2.

## II. PARTIES

3. ADF lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 3, and on that basis denies the same.

4. In response to ¶ 4, ADF admits it is a "person" as defined in 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j). Except as admitted, the remaining allegations contained in ¶ 4 are denied.

5. ADF lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 5, and on that basis denies the same.

6. ADF lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 6, and on that basis denies the same.

7. ADF denies the allegations contained in ¶ 7.

### III. FACTUAL ALLEGATIONS

8. In response to ¶ 8, ADF admits it performed a soft pull credit inquiry in connection with Plaintiff seeking prequalification for a consumer loan through Credit Karma. Except as admitted, ADF denies the remaining allegations contained in ¶ 8.

9. In response to ¶ 9, ADF admits its consumer loan services are promoted through Credit Karma. Except as admitted, ADF denies the remaining allegations contained in ¶ 9.

10. In response to ¶ 10, ADF admits that Plaintiff sought prequalification for a consumer loan through Credit Karma. Except as admitted, ADF denies the remaining allegations contained in ¶ 10.

11. ADF denies that it offers financial products with "unconscionably high" interest rates, and therefore denies the allegations contained in ¶ 11.

12. ADF denies the allegations contained in ¶ 12.

13.   ADF denies that it offers financial products with "unconscionable terms," denies that it failed to make any required disclosure, and therefore denies the allegations contained in ¶ 13.

14.   ADF denies that it offers loans with interest rates "far in excess of what any reasonable consumer would find acceptable," denies that it failed to make any required disclosure, and therefore denies the allegations contained in ¶ 14.

15.   ADF denies that its loan terms "shock the conscience," denies that it failed to make any required disclosure, and therefore denies the allegations contained in ¶ 15.

16.   In response to ¶ 16, ADF denies that it ever offered to make a loan to Plaintiff.  ADF lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 16, and on that basis denies the same.

17.   ADF denies the allegations contained in ¶ 17.

18.   ADF denies the allegations contained in ¶ 18.

19.   ADF denies the allegations contained in ¶ 19.

20.   ADF denies the allegations contained in ¶ 20.

21.   In response to ¶ 21, ADF admits it did "not impermissibly inquire into [Plaintiff's] credit."  ADF denies that it made any "express statements" to Plaintiff except as stated in ADF's November 1, 2018 e-mail notice to Plaintiff, which ADF

avers speaks for itself. Except as admitted, ADF denies the allegations contained in ¶ 21.

22. ADF denies the allegations contained in ¶ 22.

23. In response to ¶ 23, ADF denies that it made any representation to Plaintiff except as stated in ADF's November 1, 2018 e-mail notice to Plaintiff, which ADF avers speaks for itself.

24. ADF denies that it entered into any agreement with Plaintiff and therefore denies the allegations contained in ¶ 24.

25. In response to ¶ 25, ADF denies that it made any representation to Plaintiff except as stated in ADF's November 1, 2018 e-mail notice to Plaintiff, which ADF avers speaks for itself.

26. ADF denies the allegations contained in ¶ 26.

27. ADF denies the allegations contained in ¶ 27.

28. ADF denies the allegations contained in ¶ 28.

29. ADF denies the allegations contained in ¶ 29.

30. ADF denies the allegations contained in ¶ 30.

31. ADF lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 31, and on that basis denies the same.

32. ADF denies the allegations contained in ¶ 32 and specifically denies furnishing information to any credit reporting agency concerning Plaintiff.

33. ADF denies the allegations contained in ¶ 33.

34. ADF denies the allegations contained in ¶ 34.

35. ADF denies the allegations contained in ¶ 35, and subparagraphs a. through c.

36. ADF lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 36, and on that basis denies the same.

37. ADF denies the allegations contained in ¶ 37.

38. ADF denies the allegations contained in ¶ 38, and subparagraphs a. and b.

39. ADF denies the allegations contained in ¶ 39.

40. ADF denies the allegations contained in ¶ 40.

41. ADF denies the allegations contained in ¶ 41.

42. ADF denies the allegations contained in ¶ 42.

43. ADF denies the allegations contained in ¶ 43.

44. ADF denies the allegations contained in ¶ 44.

45. ADF denies the allegations of misconduct ascribed to it by Plaintiff and therefore denies the allegations contained in ¶ 45.

46. ADF denies the allegations of misconduct ascribed to it by Plaintiff and therefore denies the allegations contained in ¶ 46.

47. ADF lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 47, and on that basis denies the same.

48. In response to ¶ 48, ADF admits Plaintiff seeks remedies, but ADF denies the allegations of misconduct ascribed to it by Plaintiff and denies Plaintiff is entitled to the requested relief.

49. ADF denies the allegations contained in ¶ 49.

50. In response to ¶ 50, ADF admits that Plaintiff sought prequalification for a consumer loan through Credit Karma. Except as admitted, ADF denies the remaining allegations contained in ¶ 50.

51. In response to ¶ 51, ADF admits that Plaintiff sought prequalification for a consumer loan through Credit Karma. Except as admitted, ADF denies the remaining allegations contained in ¶ 51.

52. In response to ¶ 52, ADF denies that it entered into any agreement with Plaintiff. ADF avers the passage cited in ¶ 52 is from ADF's website and refers to the terms of use of trademarked and copyrighted material.

53. ADF denies the allegations contained in ¶ 53, and specifically denies that it entered into a contract with Plaintiff, or proposed a contract with Plaintiff, for the sale or lease of consumer goods or services.

54. ADF denies the allegations contained in ¶ 54.

55. In response to ¶ 55, ADF admits that it will take appropriate and lawful action necessary to protect its trademarks and copyrights.

56. ADF denies the allegations contained in ¶ 56.

57. ADF denies the allegations contained in ¶ 57.

## COUNT I
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## Cal. Civ. Code § 1785.25(a)

58. ADF incorporates its responses to ¶¶ 1-57 as though fully set forth herein.

59. ADF admits the allegations contained in ¶ 59.

60. ADF denies the allegations contained in ¶ 60, and specifically denies furnishing information concerning Plaintiff to any credit reporting agency.

61. ADF denies the allegations contained in ¶ 61, and specifically denies furnishing information concerning Plaintiff to any credit reporting agency.

62. ADF denies the allegations contained in ¶ 62.

63. ADF denies that Plaintiff is entitled to the damages and other remedies sought in the Prayer for Relief.

## COUNT II
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, ET SEQ.

64. ADF incorporates its responses to ¶¶ 1-62 as though fully set forth herein.

65. ADF denies the allegations contained in ¶ 64.

66. ADF denies that Plaintiff is entitled to the damages and other remedies sought in the Prayer for Relief.

## COUNT III
## CAL. CIV. CODE § 1670.8, ET SEQ.

67. ADF incorporates its responses to ¶¶ 1-64 as though fully set forth herein.

68. ADF denies the allegations contained in ¶ 66.

69. ADF denies the allegations contained in ¶ 67 and avers there is no "Class."

70. ADF denies the allegations contained in ¶ 68 and avers there is no "Class."

71. ADF denies that Plaintiff is entitled to the damages and other remedies sought in the Prayer for Relief.

## COUNT IV
## CONSTRUCTIVE FRAUD

72. ADF incorporates its responses to ¶¶ 1-68 as though fully set forth herein.

73. ADF avers the allegations contained in ¶ 70 are legal conclusions to which no response is required. To the extent a response is required, ADF denies the allegations are accurate concerning the elements of constructive fraud.

74. In response to ¶ 71, ADF denies that it made any representation to Plaintiff except as stated in ADF's November 1, 2018 e-mail notice to Plaintiff, which ADF avers speaks for itself. Except as admitted, ADF denies the allegations contained in ¶ 71.

75. In response to ¶ 72, ADF denies that it made any representation to Plaintiff except as stated in ADF's November 1, 2018 e-mail notice to Plaintiff, which ADF avers speaks for itself. ADF further admits it performed a soft pull credit inquiry in connection with Plaintiff seeking prequalification for a consumer loan. Except as admitted, ADF denies the remaining allegations contained in ¶ 72.

76. In response to ¶ 73, ADF denies that it made any representation to Plaintiff except as stated in ADF's November 1, 2018 e-mail notice to Plaintiff, which ADF avers speaks for itself. ADF further admits it performed a soft pull credit inquiry in connection with Plaintiff seeking prequalification for a consumer loan. Except as admitted, ADF denies the allegations contained in ¶ 73.

77. ADF denies the allegations in ¶ 74, and specifically denies that it made any representation to Plaintiff except as stated in ADF's November 1, 2018 e-mail notice to Plaintiff, which ADF avers speaks for itself.

78. ADF denies the allegation in ¶ 75, and specifically denies that it made any representation to Plaintiff except as stated in ADF's November 1, 2018 e-mail notice to Plaintiff, which ADF avers speaks for itself.

79. In response to ¶ 76, ADF denies it made "misrepresentations" and further denies that it made any representation to Plaintiff except as stated in ADF's November 1, 2018 e-mail notice to Plaintiff, which ADF avers speaks for itself.

80. ADF denies that it made "misrepresentations" and further denies the remaining allegations contained in ¶ 77 of the Complaint.

81. ADF denies the allegations contained in ¶ 78 of the Complaint.

82. ADF denies that Plaintiff is entitled to the damages and other remedies sought in the Prayer for Relief.

## COUNT V
## UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE § 17200, ET SEQ.

83. ADF incorporates its responses to ¶¶ 1-78 as though fully set forth herein.

84. ADF avers the allegations contained in ¶ 80 are legal conclusions to which no response is required. To the extent a response is required, ADF denies Plaintiff's summary of the law is accurate or complete.

85. ADF avers the allegations contained in ¶ 81 are legal conclusions to which no response is required. To the extent a response is required, ADF denies Plaintiff's summary of the law is complete.

86. ADF denies the allegations contained in ¶ 82 of the Complaint.

87. ADF denies the allegations of misconduct ascribed to it by Plaintiff and therefore denies the allegations contained in ¶ 83.

88. ADF denies the allegations of misconduct ascribed to it by Plaintiff, denies the allegations of harm to Plaintiff, and therefore denies the allegations contained in ¶ 84.

89. ADF denies the allegations contained in ¶ 85 of the Complaint.

90. ADF avers the allegations contained in ¶ 86 are legal conclusions to which no response is required. To the extent a response is required, ADF denies Plaintiff's summary of the law is complete or accurate.

91. ADF denies the allegations of misconduct ascribed to it by Plaintiff, denies the allegations of harm to Plaintiff, and therefore denies the allegations contained in ¶ 87.

92. ADF denies the allegations contained in ¶ 88 of the Complaint.

93. ADF avers the allegations contained in ¶ 89 are legal conclusions to which no response is required. To the extent a response is required, ADF denies Plaintiff's summary of the law is complete or accurate.

94. ADF denies the allegations contained in ¶ 90 of the Complaint.

95. ADF denies the allegations contained in ¶ 91 of the Complaint.

96. ADF denies the allegations of misconduct ascribed to it by Plaintiff and therefore denies the allegations contained in ¶ 92.

97. ADF denies the allegations contained in ¶ 93 of the Complaint.

98. ADF denies that Plaintiff is entitled to the damages and other remedies sought in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

ADF alleges plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

ADF alleges, pursuant to 15 U.S.C. § 1681b(a)(3)(A), that it had a permissible purpose to obtain Plaintiff's consumer report.

### THIRD AFFIRMATIVE DEFENSE

ADF alleges that Plaintiff lacks standing to pursue a claim under the Unfair Competition Law because he has not lost money or property as a result of ADF's conduct. Cal. Bus. & Prof. Code § 17204.

### FOURTH AFFIRMATIVE DEFENSE

ADF alleges, plaintiff consented to and/or invited the conduct for which he seeks relief.

WHEREFORE, ADF respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;

2. Judgment of dismissal be entered in favor of ADF;

3. ADF be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. ADF be granted such other and further relief as the Court deems just and proper.

Dated: 2/21/19            SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Debbie P. Kirkpatrick*
Debbie P. Kirkpatrick
Attorneys for Defendant
ADF of California, LLC
dba Personify Financial